UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARTIN DROZ,

                              Plaintiff,

      -v-                                                                         6:05-CV-939

ESTATE OF JOHN ANDERSON; SHIRLEY
HERDER, in her individual capacity; and STATE
TROOPER P.J. MCCADDEN;

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                      OF COUNSEL:

EDWARD E. KOPKO, ESQ.
Attorney for Plaintiff
15 Nottingham Drive, Ithaca, NY 14850

SHANTZ & BELKIN                          FREDERICK F. SHANTZ, ESQ.
Attorneys for Defendants Anderson & Herder
26 Century Hill Drive, Suite 202
Latham, NY 12110

HON. ANDREW M. CUOMO               BRUCE J. BOIVIN, ESQ.
Attorney General for the State of New York    Ass't Attorney General
Attorney for Defendant McCadden
The Capitol
Albany, NY 12224-0341

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

        Plaintiff Martin Droz ("Droz" or "plaintiff") filed an amended complaint on October 12, 2005, asserting claims pursuant to 42 U.S.C. § 1983. Specifically, Droz alleges malicious

prosecution by defendant Town of Vienna Zoning Officer John Anderson (deceased) ("Anderson"); false arrest, malicious prosecution, and violation of equal protection by defendant New York State Trooper Peter J. McCadden ("Trooper McCadden"); and conspiracy to commit false arrest, malicious prosecution, and denial of equal protection by Trooper McCadden and defendant Vienna Town Justice Shirley Herder ("Herder"), all in violation of his federal Constitutional rights.

Defendants moved for summary judgment. Plaintiff opposed as to Trooper McCadden and Herder, but did not oppose as to Anderson. Defendants' motions were taken on submission.

## II. FACTS

The following facts are not in dispute unless otherwise noted.

On July 29, 2002, Anderson issued a zoning violation appearance ticket to Droz. Droz appeared in the Vienna Town Court, which is held in the Town Hall, before Herder on July 30, 2002. Plaintiff refused to speak. Herder adjourned the matter to August 13, and ordered plaintiff to obtain a permit to cure the alleged zoning violation. Between July 30 and August 13 Anderson took part in one or more ex parte communications with Herder regarding whether plaintiff had obtained the permit, and he issued two more appearance tickets to Droz. On August 13, Droz arrived for his court appearance carrying a brown paper shopping bag. Anderson approached plaintiff in the hallway of the Town Hall and inquired as to what was in the bag. Plaintiff did not respond.

According to Droz, Anderson held yet another ex parte conversation with Herder to explain that Droz refused to identify the contents of his bag. Herder agreed that the State

Police should be contacted. As a result of a telephone call from the town supervisor, Trooper McCadden responded to the Town Hall.

According to Trooper McCadden, he had a conversation with Herder upon arriving at the Town Hall. Herder told Trooper McCadden that she had held Droz in contempt of court. She directed Trooper McCadden to arrest plaintiff. Trooper McCadden approached Droz and determined that the bag held a tape recorder and a notebook. Droz was unresponsive and would not identify himself. Trooper McCadden took plaintiff into custody and transported him to the New York State Police Barracks. While there, Trooper McCadden consulted with Herder via telephone to discuss under which subsection of the criminal contempt statute Droz should be charged. They agreed upon subsection 215.50(1). Trooper McCadden then filled out and signed a criminal complaint charging plaintiff with a violation of N.Y. Penal Law § 215.50(1).

According to Herder, she did not speak to Trooper McCadden until he called to consult her about the proper section of the criminal code with which to charge plaintiff. Herder states that she did not observe Droz in the Town Hall or courtroom. She further insists that she was not the complainant with regard to the contempt charge brought against Droz.

The parties agree that after filling out the complaint against plaintiff at the barracks, Trooper McCadden returned him to the courtroom in the Town Hall. Herder arraigned plaintiff on the contempt charge and set bail in the amount of $500.00 cash. She set August 27, 2002, for plaintiff's next appearance before her. Droz failed to post bail and was held in the county jail until he was returned to court for the August 27 appearance. Assistant public defender Tina Hartwell ("Hartwell") appeared in court, purportedly representing Droz. Herder

adjourned the criminal contempt complaint in contemplation of dismissal. Plaintiff was released from custody.

On August 30, 2002, Anderson withdrew one of the zoning violations. Herder disqualified herself from hearing the remaining two outstanding zoning violations.

Plaintiff asserts that Hartwell did not represent him, and, in fact, he did not qualify for representation by the public defender. According to plaintiff, Hartwell never spoke to him about disposition of the charges, and he did not agree to an adjournment in contemplation of dismissal.

The Judicial Conduct Commission investigated Herder's handling of the Droz matter. On August 16, 2004, the Judicial Conduct Commission publicly censured Herder for her conduct.

## III. STANDARDS

### A. Summary Judgment

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

When the moving party has met the burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356.  At that point, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; Liberty Lobby, Inc., 477 U.S. at 250, 106 S. Ct. at 2511; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.  To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. Liberty Lobby, Inc., 477 U.S. at 248-49, 106 S. Ct. at 2510; Matsushita Elec. Indus. Co., 475 U.S. at 587, 106 S. Ct. at 1356.

### B. Substantive Claims

#### 1. False Arrest

The elements of a false arrest claim are intentional confinement, without consent, and without a justification such as probable cause to arrest.  Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).  Probable cause exists "when the arresting officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'"  Id. (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

#### 2. Malicious Prosecution

The elements of a malicious prosecution claim are:  (1) the commencement or continuation of a criminal proceeding by the defendant against plaintiff; (2) the proceeding terminated in favor of the plaintiff; (3) lack of probable cause for commencing or continuing the action; and (4) the defendant acted with malice.  Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004); Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994).  An adjournment in

contemplation of dismissal defeats a malicious prosecution claim because it is not a favorable termination. Rothstein, 373 F.3d at 287.

### 3. Equal Protection

An equal protection claim will lie where there is an allegation that the plaintiff was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000) (per curiam). The intent of equal protection "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." Id., 120 S. Ct. at 1075.

### 4. Conspiracy to Violate Civil Rights

In order to sustain a conspiracy claim, a plaintiff must establish "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Due to the secretive nature of conspiracies, direct evidence may not be available; therefore, circumstantial evidence may suffice to prove such a claim. Id.

## IV. DISCUSSION

### A. Anderson

Plaintiff did not oppose the motion for summary judgment with regard to Anderson. Accordingly, the complaint will be dismissed as against him.

### B. Trooper McCadden

Trooper McCadden argues that the false arrest claim against him must be dismissed because he had probable cause to arrest plaintiff, by virtue of a conversation with

Herder upon his arrival at the town hall during which Herder told him that she had charged plaintiff with criminal contempt. He asserts that Herder, as Town Justice, had authority to charge Droz with criminal contempt, in fact she was the only one in attendance with that authority, and that she was the complainant providing the basis for the charging Information that he swore out.

However, the facts must be viewed in the light most favorable to plaintiff as the nonmovant. In order to do so, Herder's account of the incident must be credited. According to her, she did not observe plaintiff's conduct, she did not summon the State Police, she did not direct Trooper McCadden to arrest plaintiff, and she was not the complainant providing the basis for the contempt charge. Under this version of the circumstances, it could not be said that Trooper McCadden had probable cause to arrest Droz. This is so particularly in light of Trooper McCadden's admissions that he did not observe contemptuous behavior by plaintiff and he determined immediately after handcuffing plaintiff that the tape recorder and notebook secreted in the bag were not dangerous.

Plaintiff has raised a genuine issue of fact as to whether Trooper McCadden had probable cause to arrest him. If the jury should determine that probable cause did not exist, then they could find Trooper McCadden liable for false arrest.

Trooper McCadden argues that the malicious prosecution claim against him must be dismissed. It is undisputed that the charge against plaintiff was adjourned in contemplation of dismissal. This disposition ordinarily defeats a malicious prosecution claim. However, plaintiff claims that he did not agree to the disposition of adjournment in contemplation of dismissal. Therefore, because an issue of fact exists regarding the validity of the adjournment in contemplation of dismissal, the malicious prosecution claim cannot be

dismissed. See Freedman v. Monticello Police Dep't, No. 01 Civ. 0119(NRB), 2003 WL 135751, at *2 (S.N.D.Y. Jan. 17, 2003) (finding that where plaintiff "adamantly maintain[ed]" that he did not consent to adjournment in contemplation of dismissal, an issue of fact was created that prevented dismissal of the malicious prosecution claim).

Trooper McCadden argues that what plaintiff seeks with this argument is, essentially, an appeal of the state court disposition of the charge against him, which is prohibited by Rooker-Feldman. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923). In order for Rooker-Feldman to apply, the plaintiff must have lost his state court case, he must be complaining of "injuries caused by [the] state-court judgment," he must be asking the federal court to consider and reject the state court judgment, and the state court judgment must have preceded the federal court case. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Here, the criminal charges against Droz were dismissed. It cannot be said that he "lost" in state court. Next, Droz does not complain of any injury caused by the dismissal of the charges against him. Rather, he complains that the charges were improperly brought at the outset. Third, plaintiff is not asking that the state court judgment dismissing the charges against him be rejected. Rather, he wishes to avoid an automatic finding that the adjournment in contemplation of dismissal precludes him from establishing that the proceeding terminated in his favor. Thus, although the state court judgment preceded this federal action, the other three requirements for application Rooker-Feldman are not met.

McCadden next argues that plaintiff cannot establish the malice element. However, viewing the facts in the light most favorable to Droz, and making all inferences in his favor, based upon the alleged ex parte conversations and lack of any evidence that Droz had

- 8 -

committed criminal contempt (if Herder's version is credited as it must be on this motion), a reasonable jury could infer that McCadden acted with the required malice. See Martin v. City of Albany, 42 N.Y.2d 13, 17 (N.Y. Ct. App. 1977) (noting that "probable cause to initiate a criminal proceeding may be so totally lacking as to reasonably permit an inference that the proceeding was maliciously instituted"). McCadden also argues that a break in the chain of causation occurred when plaintiff was arraigned. However, it is undisputed that McCadden swore out the complaint upon which plaintiff was arraigned, thus initiating the prosecution. This is sufficient to withstand summary judgment.

Interestingly, had plaintiff brought false arrest/malicious prosecution claims against Herder,[1] a converse view of the facts would have been required. In other words, in assessing a motion for summary judgment on a false arrest/malicious prosecution claim against Herder, the facts viewed in the light most favorable to plaintiff would require crediting Trooper McCadden's versions of event. In that event, summary judgment in favor of Herder would not be appropriate because questions of fact would exist as to whether her directing plaintiff's arrest and continuing the prosecution against him were baseless and outside of her authority.

McCadden argues that the equal protection claim against him must be dismissed because plaintiff has elicited no facts that he was treated differently from someone similarly situated. Droz has not set forth any facts to establish that he was treated differently from someone similarly situated. Thus, the equal protection claim must be dismissed.

Finally, McCadden argues that he is entitled to qualified immunity. However, the existing questions of material fact as outlined above foreclose a grant of summary judgment.

---

[1] It is somewhat surprising that these claims were not brought against Herder, since she would not be entitled to judicial immunity for acts such as these, clearly in absence of jurisdiction and without basis in law.

- 9 -

### C. McCadden and Herder--Conspiracy Claims

Defendants argue that because the underlying claims (false arrest, malicious prosecution) must be dismissed, a conspiracy claim will not lie. However, as set forth above, the underlying claims will not be dismissed on summary judgment. Further, Droz has set forth facts, again taken in the light most favorable to him, sufficient to withstand summary judgment on the conspiracy claims, such as the multiple ex parte conversations between McCadden and Herder both prior and subsequent to plaintiff's arrest. Accordingly, the conspiracy claims will not be dismissed.

## V. CONCLUSION

Anderson will be dismissed as a defendant, as plaintiff failed to oppose the motion as to him. Droz has established questions of material fact precluding summary judgment on the false arrest and malicious prosecution claims against McCadden. Plaintiff has not set forth any facts to support his equal protection claim against McCadden. McCadden and Herder are not entitled to summary judgment on the conspiracy claims against them because the underlying claims are not being dismissed, and because plaintiff has adduced facts from which a jury could determine that McCadden and Herder conspired to violate his constitutional rights.

Accordingly, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART;

2. Counts 1 and 4 of the Amended Complaint are DISMISSED;

2. Count 2 and 3 (against defendant Trooper P.J. McCadden) and Claim 5 (against defendants McCadden and Shirley Herder) remain pending for trial; and

4.  The defendant Estate of John Anderson is DISMISSED in the entirety.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  January 7, 2008
        Utica, New York.